United States District Court
Southern District of Texas
**ENTERED**
March 02, 2021
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| V. | § | CASE NO.:  **1:21-MJ-226-01** |
| **Vanessa Alexandra Andrade** | § | |

## ORDER SETTING CONDITIONS OF RELEASE

On **March 2, 2021**, a detention hearing was held before this Court. At the hearing, both Government and Defendant presented their evidence.

This Court has listened to both parties' arguments, and in light of the record and the requirements of 18 U.S.C. §3142, is of the opinion that a $50,000.00 bond, with $1,000.00 cash deposit, would reasonably assure the appearance of Defendant at trial and that such a bond is not unreasonable under the provisions of the Bail Reform Act and the facts in this case.

It is therefore ORDERED that Defendant be released upon corroboration of personal information and after posting a $50,000.00 bond, with $1,000.00 cash deposit, with the following conditions:

(1) Pretrial Supervision in the Brownsville Division;

(2) maintain or actively seek employment and provide proof to the U.S. Probation Office;

(3) surrender passport/not obtain a passport or international travel document;

(4) travel restricted to the Brownsville Division (Cameron/Willacy counties in Texas). No travel into Mexico;

(5) avoid all contact with co-defendant, victims, potential victims, or witnesses in this investigation or prosecution;

(6) refrain from possessing a firearm, destructive device or dangerous weapon;

(7) refrain from excessive use of alcohol;

(8) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 USC 802, unless prescribed by a licensed medical practitioner;

(9) shall consent to be monitored by the form of location monitoring indicated below and shall abide by all technology requirements.  The participant shall pay all or part of the costs of participation in the location monitoring program as directed by the Court and Pretrial Services.  **Active GPS Monitoring (including Active GPS)** the form of location monitoring technology shall be utilized to monitor the following restriction on the defendant's movement in the community as well as other court-imposed conditions of release.  **HOME DETENTION:** Defendant is always restricted to his residence except employment, education, religious, medical substance abuse, or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities pre-approved by the pretrial services office or supervision officer;

(10) defendant's father to serve as 3rd party custodian;

(11) report as soon as possible to the Pretrial Services Officer any contact with law enforcement.

Until such time that the defendant meets the conditions set above for bond, the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a

reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Done at Brownsville, Texas, this 2nd day of March, 2021.

_____
Ronald G. Morgan
United States Magistrate Judge